UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4640

IHEDINACHI I. UZODINMA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-61-A)

Submitted: March 11, 1997

Decided: April 22, 1997

Before WILKINS and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Moffitt, ASBILL, JUNKIN & MOFFITT, Washington,
D.C., for Appellant. Helen F. Fahey, United States Attorney, Jack
Hanly, OFFICE OF THE UNITED STATES ATTORNEY, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ihedinachi Uzodinma (Uzodinma) participated in a mil-
lion dollar scam that involved foreign businessmen and supposed mil-
lions of dollars in escrow with the Central Bank of Nigeria. A jury
convicted Uzodinma on one count of conspiracy,[1] two counts of inter-
state transportation of stolen money,[2] and one count of engaging in an
unlawful monetary transaction.[3] The court sentenced Uzodinma to
fifty-one months incarceration. Uzodinma requests a retrial claiming
that the prosecutor improperly commented on his failure to testify,
and that the court incorrectly instructed the jury on the conspiracy
charge. Finding no reversible error, we affirm Uzodinma's convic-
tions and sentence.

First, Uzodinma asserts that the prosecutor indirectly commented
on his decision not to testify when he asked a witness about a state-
ment Uzodinma made under oath in a prior proceeding. While the
prosecutor is forbidden from commenting upon Uzodinma's silence
at trial,[4] Uzodinma's claim is without merit. "The test for determining
whether an indirect remark constitutes improper comment on a defen-
dant's failure to testify is: `Was the language used manifestly
intended to be, or was it of such character that the jury would natu-
rally and necessarily take it to be a comment on the failure of the
accused to testify.'"[5] From the record it is clear that the prosecutor's
question was not intended as a comment on Uzodinma's failure to tes-

_____

[1] 18 U.S.C. § 371 (1994).
[2] 18 U.S.C. § 2314 (1994).
[3] 18 U.S.C. § 1957 (1994).
[4] **See Griffin v. California**, 380 U.S. 609, 613-14 (1965).
[5] **United States v. Whitehead**, 618 F.2d 523, 527 (4th Cir. 1980)
(emphasis omitted) (quoting United States v. Anderson, 481 F.2d 685,
701 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974)).

2

tify, but was intended to elicit testimony about a prior statement by Uzodinma that directly contradicted testimony by a defense witness. Because the question neither intended to focus nor actually focused the jury's attention on Uzodinma's failure to testify at trial, Uzodinma's claim is without merit.

Additionally, Uzodinma contends that the prosecutor indirectly commented, in his closing rebuttal statement, on Uzodinma's decision not to testify. Uzodinma did not object to this statement during the trial, so it may only be the basis for relief if it amounted to plain error.[6] Our review of the record reveals that even if the prosecutor's statement could be considered to implicate Uzodinma's decision not to testify, any error did not affect Uzodinma's substantial rights.[7] The evidence at trial was more than sufficient to support Uzodinma's conviction, and the prosecutor's statement was so tangentially related to Uzodinma's silence at trial that the jury would not have reached a different conclusion in the absence of the prosecutor's comment. Plus, the trial court issued a curative instruction. Therefore, this claim lacks merit.

Finally, Uzodinma objects to the district court's jury instructions on the conspiracy charge. Because Uzodinma failed to object at trial, we review the jury instruction against the background of the entire record for plain error prejudicing substantial constitutional rights.[8] The United States Supreme Court explained that "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court."[9] Our review of the record reveals that the district judge's instruction adequately and correctly explained how the jury should determine whether a defendant was a culpable participant in a conspiracy. Accordingly, Uzodinma fails to demonstrate that the district judge committed plain error.

_____

**6** <u>See</u> FED. R. CRIM. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 732-35 (1993).
**7** <u>Id.</u>
**8** <u>See</u> FED. R. CRIM. P. 52(b); <u>Olano</u>, 507 U.S. at 732-35; <u>United States v. Young</u>, 470 U.S. 1, 14-16 (1985).

**9** <u>**Henderson v. Kibbe**</u>, 431 U.S. 145, 154 (1977).

3

Therefore, we affirm Uzodinma's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4